# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                                                                                             No. 20-cv-0287 CG/SMV

**$13,500.00 in United States Currency,**

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER is before the Court on its Order to Show Cause [Doc. 10], because Claimant Lucas Alves has refused to provide the Court with his contact information so that he can properly be served. *See* D.N.M.LR-Civ. 83.6. Despite the Court's multiple efforts, Claimant has failed to respond to two Court Orders, *see* [Docs. 9, 10], and failed to appear at a telephonic hearing *see* [Docs. 11, 12, 13]. Thus, I will recommend that his claim of interest be deemed abandoned because Claimant has refused to provide the Court with any way to contact him as required by the Local Rules. *See* D.N.M.LR-Civ. 83.6.

Plaintiff filed its Verified Complaint for Forfeiture *in Rem* on March 31, 2020. [Doc. 1]. Claimant filed his first Verified Claim of Interest on May 14, 2020. [Doc. 4]. Claimant filed his Answer and Affirmative Defenses on May 18, 2020. [Doc. 5]. Claimant filed a supplemental Verified Claim of Interest on June 29, 2020. [Doc. 6]. Each of Claimant's filings was mailed in an envelope bearing a return address for attorney Peter S. Herrick in St. Petersburg, Florida. [Doc. 4] at 3; [Doc. 5] at 5; [Doc. 6] at 3. The filings contained no other contact information. Yet, Mr. Herrick entered no appearance on Claimant's behalf.

On October 22, 2020, Plaintiff filed a Motion to Compel Discovery [Doc. 7]. The Motion described Plaintiff's attempts to obtain discovery responses from Claimant and its communication with Mr. Herrick, who appeared to be acting as Claimant's counsel. *Id.* at 1–2. The attached exhibits showed that Plaintiff's discovery requests had been served on Claimant by email and certified mail to Mr. Herrick at his St. Petersburg address. [Docs. 7-1, 7-2]. The exhibits also showed that Plaintiff had been in communication via email with Mr. Herrick, who represented himself as counsel for Claimant, regarding the discovery requests.[1] [Doc. 7-3] at 1. The exhibits further showed that Claimant himself had been in communication, via email, with Mr. Herrick regarding the discovery requests. [Doc. 7-4]. Plaintiff served its Motion to Compel on Claimant by mail, presumably to Claimant's counsel, Mr. Herrick. *See* [Doc. 7] at 3. Claimant did not file a response to the Motion to Compel, and Plaintiff filed a Notice of Completion of Briefing on November 20, 2020. [Doc. 8].

In light of the lack of clarity on the record, on November 25, 2020, the Court ordered that no later than December 14, 2020, either Mr. Herrick enter his appearance on behalf of Claimant or Claimant complete and return a CM/ECF Pro Se Notification Form.[2] [Doc. 9] at 2. The Court explained that one of these had to occur because Claimant's filings contained no contact information for him—no address, no phone number, no email address—and thus the Court had no way to properly serve him. *Id.* (citing D.N.M.LR-Civ. 83.6). The Court sent a copy of that Order

---

[1] Moreover, it is worth noting that Plaintiff's discovery requests were sent to Mr. Herrick, whom Plaintiff reasonably believed was Claimant's counsel, on July 8, 2020. *See* [Doc. 7-1]. On August 11, 2020, Plaintiff agreed to a 14-day extension of Claimant's time to respond to the discovery requests, thereby making Claimant's responses due on August 25, 2020. *See* [Doc. 7-3] at 1. To date, Claimant has not responded to Plaintiff's discovery requests, which means he has not complied with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 33, 34, 36 (specifying 30-day deadlines to respond to certain discovery requests).

[2] The CM/ECF Pro Se Notification Form is the form by which a pro se party tells the Court his contact information, including how and where he wants to be served.

2

[Doc. 9], along with a CM/ECF Pro Se Notification Form, to every address[3] on the record associated with Claimant—(1) to Claimant Lucas Alves by email to lucasdalves415@gmail.com,[4] (2) to Claimant in care of Mr. Herrick by email to pssherrick@gmail.com,[5] and (3) to Claimant in care of Mr. Herrick by United States mail to 4324 Bayshore Boulevard NE in St. Petersburg, Florida, 33703.[6] *See* [Doc. 9] at 2. The December 14 deadline passed, and neither Claimant nor Mr. Herrick responded in any way.

Subsequently, on January 13, 2021, the Court issued its Order to Show Cause Why Lucas Alves's Claim of Interest Is Not Abandoned. [Doc. 10]. The Court ordered that no later than February 16, 2021, Claimant show cause in writing why his Claim of Interest [Docs. 4, 6] should not be considered abandoned due to his failure to provide the Court with his contact information as required by the Local Rules. *See* D.N.M.LR-Civ. 83.6. *See also Bradenburg v. Beaman*, 632 F.2d 120, 122 (10th Cir. 1980) (citation omitted) ("It is incumbent on litigants, even those proceeding pro se, to follow the federal rules of procedure. The same is true of simple, nonburdensome local rules[.]"). The Court sent a copy of that Order [Doc. 10], along with another CM/ECF Pro Se Notification Form, to every address on the record associated with Claimant—the same three addresses outlined above. *See id.* at 2. The February 16 deadline passed, and neither Claimant nor Mr. Herrick filed a show-cause response.

---

[3] I employ the term "address" for simplicity. As used herein, the term "address" encompasses email and physical addresses and should be understood to include every possible method of communication with Claimant known to the Court. As stated throughout, Claimant provided no phone number or any other way to contact him; the only possible methods of communication that the Court could find were the two email addresses and the physical address of Mr. Herrick's office in Florida.
[4] This email address for Claimant appeared in the exhibits to Plaintiff's Motion to Compel. [Doc. 7-4] at 1.
[5] This email address for Mr. Herrick also appeared in the exhibits to the Motion to Compel. [Doc. 7-3] at 1.
[6] This address appeared as the return address on the envelope of each of Claimant's filings. [Doc. 4] at 3; [Doc. 5] at 5; [Doc. 6] at 3.

Finally, on March 17, 2021, the Court held a telephonic status conference, notice of which was sent to every address on the record associated with Claimant—the same three addresses outlined above. *See* [Docs. 11, 12]. Claimant did not appear at the status conference. Mr. Herrick attended by telephone but reiterated that he did not represent Claimant. Thus, after months of attempting to obtain Claimant's contact information so that he can properly be served, the Court still has no phone number or physical mailing address for Claimant. Moreover, although the Court has sent multiple notices to Claimant at the email address associated with him on the record, *see* [Doc. 7-4] at 1, Claimant has not responded to any such notice, thereby making it unclear whether that email address is a reliable means of communicating with him. Therefore, because Claimant has refused to provide any way to communicate with him or to serve him, I will recommend to the presiding judge that his claim of interest be deemed abandoned. *See* D.N.M.LR-Civ. 83.6; *Bradenburg*, 632 F.2d at 122.

**IT IS THEREFORE RESPECTFULLY RECOMMENDED** that Claimant Lucas Alves's Claim of Interest [Docs. 4, 6] be deemed **ABANDONED**.

**IT IS ORDERED** that the Clerk of Court send a copy of these Proposed Findings and Recommended Disposition, along with another CM/ECF Pro Se Notification form, to Claimant Lucas Alves at lucasdalves415@gmail.com and to Claimant in care of Mr. Herrick (1) by email to pssherrick@gmail.com, and (2) by United States mail to 4324 Bayshore Boulevard NE in St. Petersburg, Florida, 33703.

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN FOURTEEN DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any written objections with the Clerk of the District Court within the 14-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**